UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James H. Davis, # 312333, | ) C/A No. 4:13-1508-RBH-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| South Carolina Department of Corrections, at Lee County Correctional Institution, | ) |
| Defendant. | ) |

James H. Davis ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner housed at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendant is "South Carolina Department of Corrections, at Lee County Correctional Institution" (hereinafter "SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the assigned Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the assigned District Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss the complaint for failure to state a claim.

**Background**

Plaintiff appears to allege violations of his constitutional rights and names SCDC as the sole defendant.[1] Plaintiff claims he was subjected to cruel and unusual punishment when an unnamed

---

[1] Although Plaintiff included the phrase "*et al.*" in the caption of his complaint, he has only named one entity ("South Carolina Department of Corrections, at Lee County Correctional Institution, *et al.*") as Defendant and has not identified any other defendant. *See, e.g.*, ECF No. 1 at 2 (listing the "Name of Defendant" as "SCDC, Lee Co. C.I. *et. al.*" and providing no information in the "Additional Defendants" section).

SCDC prison guard failed to protect him from inmate violence during a prison riot at Lee County Correctional Institution in December 2007. He claims that an unnamed SCDC prison official opened a door near his cell, exited after observing the destruction and violence, left the door unlocked allowing several inmates to leave the cell block, and forced Plaintiff back inside. Plaintiff claims he asked the official why some inmates were let out of the block and Plaintiff was forced back inside, but the official did not answer. Plaintiff, who states he is a white inmate and was approximately 55 or 56 years old at the time of the incident, claims this demonstrates prejudice against him.[2] He alleges he was later attacked and brutally beaten (kicks to his head, face, and side) by younger, black SCDC inmates, resulting in his hospitalization. He claims he currently suffers memory loss, difficulty with concentration, pain, hearing loss, diminished vision, and loss of olfactory senses. *See* Complaint, ECF 1 at 4-10. Plaintiff requests monetary damages and medical treatment for his ongoing problems resulting from the attack. *Id.* at 17.[3]

## Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, upon the court's finding of *in forma pauperis* status. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that

---

[2]Although racial discrimination claims are actionable under § 1983, merely conclusory allegations of discrimination are insufficient to state a claim. *See White v. White,* 886 F.2d 721, 723 (4th Cir. 1989) (plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Plaintiff has, at most, asserted conclusory allegations.

[3]Plaintiff may also be attempting to assert a claim for denial of access to the courts while at Ridgeland Correctional Institution (where he is now housed) because he has limited time in the law library, the SCDC law clerks are reluctant to provide him with assistance, and his time on the computer is limited. *Id.* at 13-14.

the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The same standard is applied to a complaint filed by a prisoner, which "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and sues SCDC, a governmental entity, so review is also required by 28 U.S.C. § 1915A.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim. *Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2) (B), as well as 28 U.S.C. § 1915A(b), for failure to state a claim.

## Discussion

This action is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

SCDC is subject to summary dismissal because it is entitled to Eleventh Amendment immunity. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.[4] *See Alden v. Maine*, 527 U.S. 706, 712-713 (1999); *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). The Eleventh Amendment's protection extends to arms of the state, including state agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)(holding that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment also generally bars this court from granting injunctive relief against a state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)(finding that "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Alabama v. Pugh*, 438 U.S. 781 (1978); *see also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002)("Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit."). The *Ex parte Young*, 209 U.S. 123 (1908) exception to Eleventh Amendment immunity "permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). In

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Further, South Carolina has not consented to suit in federal district court. *See* S.C.Code Ann. § 15–78–20(e)

the current action, however, Plaintiff names only the entity defendant such that the *Ex Parte Young* exception does not apply.

Defendant is subject to summary dismissal because SCDC, as a state agency, is not a "person" for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To the extent that Plaintiff is attempting to name the Lee County Correctional Institution and Ridgeland Correctional Institution as defendants, these entities should be dismissed. As noted above, a claim for relief under Section 1983, must allege that the plaintiff was injured by a "person" acting "under color of state law." See 42 U.S.C. § 1983. Lee County Correctional Institution and Ridgeland Correctional Institution are not "persons" for purposes of liability under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The institutions where Plaintiff was or is currently incarcerated consist of buildings and grounds and are therefore not persons subject to suit in a § 1983 action.

**Recommendation**

Based on the foregoing, it is recommended that the District Judge dismiss the complaint *without prejudice* for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 26, 2013
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).