IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James H. Davis, # 312333, ) | Civil Action No.: 4:13-cv-01508-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of ) | |
| Corrections, at Lee County ) | |
| Correctional Institution, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff James H. Davis, a state prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 and against the South Carolina Department of Corrections ("SCDC"). He alleges that he was subjected to cruel and unusual punishment during a prison riot in 2007.[1] The matter is now before the Court for review after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[2] The Magistrate Judge recommends that this Court dismiss Plaintiff's complaint *without prejudice* for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may

---

[1] The allegations of Plaintiff's complaint are adequately represented in the Magistrate Judge's R&R. R&R 1–2, ECF No. 12.
[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

On August 26, 2013, the Magistrate Judge issued his R&R, recommending the dismissal of Plaintiff's complaint against Defendant SCDC. R&R 6, ECF No. 12. Specifically, the Magistrate Judge concluded that SCDC was not a proper Defendant under the Eleventh Amendment and § 1983. *Id.* at 4–5. Instead of filing objections to the R&R, Plaintiff filed a motion for leave to amend his complaint. He requests the addition of the following parties: Director Ozmint, Warden Padula, and Officer McBride. Mot. to Amend 1, ECF No. 15. He argues that he was able to discover the identity of the parties involved after he filed his complaint. *Id.* at 2.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading *once as a matter of course* within . . . 21 days after serving it." For any subsequent amendment, a party must seek leave from the Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Here, because Plaintiff's complaint has not yet been

served on Defendants, Plaintiff may amend his complaint to add the individual parties. As no defendant has been served, the Court finds no prejudice.

## CONCLUSION

The Court has thoroughly reviewed Plaintiff's complaint, the Magistrate Judge's R&R, Plaintiff's motion, and applicable law. For the reasons stated above, the Magistrate Judge's R&R is rejected. **IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend his complaint to add Defendants Director Ozmint, Warden Padula, and Officer McBride, ECF No. 15 is **GRANTED**. A proper amended complaint adding only these three new Defendants must be filed **within fifteen (15) days of the issuance of this order**. If Plaintiff does not timely file an amended complaint, this action shall be subject to dismissal. This matter is **RECOMMITED** to the Magistrate Judge for further proceedings consistent with this order, including screening the new Defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
October 11, 2013